IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMY C. DURAN, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:24-CV-1518-G-BK |
| § | |
| UNITED STATES ATTORNEY GENERAL, § | |
| ET AL., § | |
| DEFENDANTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 8; Doc. 9. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On June 18, 2024, Plaintiff Amy C. Duran filed this lawsuit against the U.S. Attorney General (USAG), the U.S. Postal Service (USPS), the Postmaster General, and the U.S. Postal Service Office of the Inspector General (USPS OIG). Doc. 3 at 2. At minimum, the complaint is inartfully pled. Specifically, Duran cites 18 U.S.C. § 1703 (criminalizing the delay or destruction of mail or newspapers) with little elaboration. Doc. 3 at 1. She alleges Defendants have repeatedly ignored her complaints about mail tampering and missing and damaged mail over the years. Doc. 3 at 1, 3. Duran claims she missed "important court hearings and lost court

cases" because she did not receive notices of scheduled hearings and other pleadings. Doc. 3 at 3. Duran also asserts that she defaulted on credit cards payments because she failed to receive bills and correspondence from credit card companies and collection agencies. Doc. 3 at 3. She requests compensatory damages and a thorough investigation. Doc. 3 at 3. Duran also includes over 30 pages of exhibits with her complaint, consisting of USPS tracking information, pictures of packages delivered without signature, USPS service requests and other communications, a police report, and an order vacating default judgment. Doc. 3 at 6-40.

## II. APPLICABLE LAW

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. The *Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties, and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted).

And as germane here, the existence or non-existence of sovereign immunity is an issue of subject matter jurisdiction. *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014).

**III. ANALYSIS**

The Court must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Duran has not alleged facts that establish federal question jurisdiction.

Duran's complaint cites only a federal criminal statute, 18 U.S.C. § 1703, which Duran mistakenly labels as civil in nature. Doc. 3 at 1. Further, Duran's brief request for damages and an investigation, which could <u>conceivably</u> suggest reliance on unidentified federal statutes, is not enough to invoke the Court's federal question jurisdiction. *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate judge's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction"). Simply stated, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be

absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Further, to the extent Duran attempts to file a criminal complaint alleging criminal law violations under 18 U.S.C. § 1703, her request lacks any legal basis and thus cannot support a federal cause of action. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Duran has pled nothing that would even come close to meeting this burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Notwithstanding the irrefutable basis for dismissal detailed *supra*, under the doctrine of sovereign immunity, the United States government cannot be sued unless it consents to being sued. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (cleaned up and citations omitted)). And because the US Postal Service is "an independent establishment of the executive branch of the Government of the United States," it too "enjoys federal sovereign immunity absent a

waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483-84 (2006) (internal quotations and citations omitted).

The Federal Tort Claims Act (FTCA) constitutes a limited waiver of sovereign immunity, 39 U.S.C. § 409(c), and generally waives the Postal Service's sovereign immunity for tort claims arising out of activities of the Postal Service, 28 U.S.C. § 2680(b). But exhaustion of administrative remedies is a jurisdictional prerequisite to sue under the FTCA. 28 U.S.C. § 2675(a). Indeed, the FTCA bars a claimant from suing unless he files an administrative claim with the appropriate federal agency and either obtains a written denial or waits six months. *See McNeil v. United States*, 508 U.S. 106, 112 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

Here, Duran has not pled any claim under the FTCA, much less shown that she has exhausted her administrative remedies as a requisite to doing so. As such, to the extent Duran intended to plead any claims against Defendants under the FTCA, they would be barred by the United States' sovereign immunity. *Id.* at 484.

### IV. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Duran's complaint fail to establish subject matter jurisdiction in this Court. Further, due to the

nature of the allegations pled, that failure is clearly not curable by amendment. Thus, granting leave to amend would be futile and cause needless delay.[1]

## V. CONCLUSION

For the foregoing reasons, Duran's complaint should be **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on July 16, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[1] The 14-day statutory objection period will give Duran the opportunity to proffer any plausible factual basis from which it can be inferred that the United States indeed has waived its sovereign immunity from the claims asserted in this action.